## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA RODRIGUEZ GUEVARA<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiff,<br><br>v.<br><br>KAJ CORPORATION<br>d/b/a TONY'S BREAKFAST<br>1387 H Street NE<br>Washington, DC 20002<br><br>KWI HWA CHOE<br>6526 Mink Hollow Road<br>Highland, MD 20777<br><br>BEOM SEOG CHOE<br>a/k/a ROBERT CHOE<br>6526 Mink Hollow Road<br>Highland, MD 20777<br><br>JUSTINE MIRA CHOE<br>7902 Tysons One Place, Unit 503<br>McLean, VA 22102<br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT

1.      While Plaintiff worked at Defendants' restaurant, Defendants failed to pay Plaintiff the applicable D.C. minimum wage. Defendants also denied Plaintiff overtime wages by paying her the same regular hourly rate across all hours worked – including overtime hours.

2. Plaintiff brings this action against KAJ Corporation, Kwi Hwa Choe, and Justine Mira Choe ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

### Parties

5. Plaintiff Sandra Rodriguez Guevara is an adult resident of Maryland.

6. Defendant KAJ Corporation is a District of Columbia corporation. It does business as Tony's Breakfast. Its principal place of business is located at 1387 H Street NE, Washington, DC 20002. Its registered agent for service of process is DC Registered Agents, 2300 N Street NW, Suite 300 RLK, Washington, DC 20037.

7. Defendant Kwi Hwa Choe is an adult resident of Maryland. She resides at 6526 Mink Hollow Road, Highland, MD 20777. She is an owner and officer of Defendant KAJ Corporation. She exercises control over the operations of KAJ Corporation — including its pay practices.

8. Defendant Beom Seog Choe is an adult resident of Maryland. He is also known as Robert Choe. He resides at 6526 Mink Hollow Road, Highland, MD 20777. He is an owner and officer of Defendant KAJ Corporation. He exercises control over the operations of KAJ Corporation — including its pay practices.

9. Defendant Justine Mira Choe is an adult resident of Virginia. She resides at 7902 Tysons One Place, Unit 503, McLean, VA 22102. She is an owner and officer of Defendant KAJ Corporation. She exercises control over the operations of KAJ Corporation — including its pay practices.

10. Defendants Kwi Hwa Choe and Beom Seog Choe are married.

11. Defendant Justine Mira Choe is the daughter of Defendants Kwi Hwa Choe and Beom Seog Choe.

**Factual Allegations**

12. Defendants own and operate the restaurant Tony's Breakfast, located at 1387 H Street NE, Washington, DC 20002.

13. Plaintiff worked at Tony's Breakfast from approximately 2006 through approximately July 22, 2021 — with a leave of absence from approximately April 8, 2021 through approximately April 13, 2021.

14. Plaintiff worked at Tony's Breakfast as a cook.

15. Plaintiff's job duties at Tony's Breakfast primarily consisted of preparing and cooking food, and cleaning her workstation at the end of each workday.

16. Plaintiff typically and customarily worked six to seven days per week.

17. Plaintiff always worked Mondays through Saturdays.

18. In addition to working Mondays through Saturdays, Plaintiff worked Sundays approximately two to three times per month.

19. When Plaintiff worked six days per week, she worked an average of approximately fifty-four hours.

20. When Plaintiff worked seven days per week, she worked an average of approximately sixty-two and a half hours.

21. On Monday through Saturday, Plaintiff typically and customarily started work at approximately 5:00 a.m.

22. On Sundays, Plaintiff typically and customarily started work at approximately 5:30 a.m.

23. Plaintiff typically and customarily ended work at approximately 2:00 p.m.

24. At all relevant times, Defendants paid Plaintiff by the hour.

25. Defendants paid Plaintiff approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Feb. 01, 2015–May 30, 2016 | $8.00 |
| Jun. 01, 2016–May 30, 2017 | $10.00 |
| May 30, 2017–Jun. 23, 2018 | $12.00 |
| Jun. 24, 2018–Jul. 01, 2018 | $14.00 |
| Jul. 02, 2018–Mar. 26, 2021 | $15.00 |
| Mar. 27, 2021–Jul. 22, 2021 | $16.00 |

26. At all relevant times, Defendants paid Plaintiff in cash.

27. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

28. At all relevant times, Defendants paid Plaintiff the same regular hourly rate across all hours worked.

29. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

30. In addition to not paying overtime wages, Defendants did not always pay Plaintiff the applicable D.C. minimum wage.

31. For her work since February 2016, Defendants owe Plaintiff approximately $55,652.00 in minimum and overtime wages (excluding liquidated damages).

32. Defendant Kwi Hwa Choe participated in setting the restaurant's hours of operation.

33. Defendant Kwi Hwa Choe has participated in decisions to hire employees of Tony's Breakfast.

34. Defendant Kwi Hwa Choe participated in the decision to hire Plaintiff.

35. Defendant Kwi Hwa Choe participate in the decision to set Plaintiff's work schedule.

36. Defendant Kwi Hwa Choe participated in the decision to pay Plaintiff in cash.

37. Defendant Kwi Hwa Choe participated in the decision to set Plaintiff's rate of pay.

38. Defendant Kwi Hwa Choe participated in supervising Plaintiff's work.

39. Defendant Beom Seog Choe participated in setting the restaurant's hours of operation.

40. Defendant Beom Seog Choe has participated in decisions to hire employees of Tony's Breakfast.

41. Defendant Beom Seog Choe participated in the decision to hire Plaintiff.

42. Defendant Beom Seog Choe participate in the decision to set Plaintiff's work schedule.

43. Defendant Beom Seog Choe participated in the decision to pay Plaintiff in cash.

44. Defendant Beom Seog Choe participated in the decision to set Plaintiff's rate of pay.

45. Defendant Beom Seog Choe participated in supervising Plaintiff's work.

46. Defendant Justine Mira Choe has participated in decisions to hire employees of Tony's Breakfast.

47. Defendant Justine Mira Choe participated in the decision to hire Plaintiff.

48. Defendant Justine Mira Choe participated in the decision to set Plaintiff's work schedule.

49. Defendant Justine Mira Choe participated in the decision to pay Plaintiff in cash.

50. Defendant Justine Mira Choe participated in the decision to set Plaintiff's rate of pay.

51. Defendant Justine Mira Choe participated in supervising Plaintiff's work.

52. At all relevant times, Defendants had the power to hire and fire Plaintiff.

53. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

54. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

55. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

56. At all relevant times, Defendants failed to post notice within their restaurant of Plaintiff's rights under the FLSA.

57. At all relevant times, Defendants failed to post notice within their restaurant of Plaintiff's rights under the DCMWA and the DCWPCL.

58. At all relevant times, Defendants failed to provide Plaintiff, at the time of payment, with an itemized statement showing the (1) date of the wage payment, (2) gross wages paid, (3) deductions from and additions to wages, (4) net wages paid, and (5) hours worked.

59. Defendants' failure to provide Plaintiff with an itemized statement at the time of payment violated the DCMWA and the DCWPCL. *See* D.C. Code, § 32-1008 (b) (DCMWA); D.C. Code § 32-1306(e) (DCWPCL).

60. At all relevant times, Defendants failed to furnish Plaintiff with written notice of the following: (1) the name of the employer, (2) the employer's physical address, (3) the Plaintiff's telephone number, (4) the Plaintiff's rate of pay and the basis of that rate, (5) the Plaintiff's regular payday.

61. Defendants' failure to furnish Plaintiff with written notice violated the DCMWA. *See* D.C. Code, § 32-1008(c).

62. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times her regular rate for all hours worked in excess of forty hours in any one workweek.

63. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable D.C. minimum wage.

64. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to her.

65. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

66. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

67. At all relevant times, Defendants had employees who handled food products, such as pork, chicken, eggs, or vegetables, that had been raised, produced, or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

68. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

69. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

70. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

71. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

72. Defendants' violations of the FLSA were willful.

73. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

74. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

75. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

76. The DCMWA required that employers pay non-exempt employees at least $9.50 per hour from July 1, 2014 through June 30, 2015, $10.50 per hour from July 1, 2015 through June 30, 2016, $11.50 per hour from July 1, 2016 through June 30, 2017, $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, $14.00 per hour from July 1, 2019 through June 30, 2020, $15.00 from July 1, 2020 through June 30, 2021, and $15.20 through the present. D.C. Code § 32-1003(a).

77. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

78. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

79. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

80. Defendants' violations of the DCMWA were willful.

81. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

82. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

83. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

84. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

85. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

86. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

87. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

88. Defendants' violations of the DCWPCL were willful.

89. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount **$227,374.20** and grant the following relief:

    a.    Award Plaintiff $222,608.00, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

        iii.    unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.     Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,364.20);

d.     Award Plaintiff court costs (currently, $402.00); and

e.     Award any additional relief the Court deems just.

August 5, 2021                                               Respectfully submitted,

**DCWageLaw**

By: /s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*

11